FOX ROTHSCHILD LLP
Carolyn D. Richmond (CR-0993)
100 Park Avenue, Suite 1500
New York, New York 10017
Phone: (212) 878-7983

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ALISA AGOFONOVA and AARON POU on behalf of themselves and all others similarly situated, | ECF CASE |
| Plaintiffs, | 07-CV-6926 (DAB) |
| -against- | |
| NOBU CORP.; NOBU ASSOCIATES, L.P.; NOBU NEXT DOOR, LLC; NOBU 57 LLC; DREW NIEPORENT and RICHARD NOTAR, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants NOBU CORP.; NOBU ASSOCIATES, L.P.; NOBU NEXT DOOR, LLC ("Nobu Next Door"); NOBU 57 LLC ("Nobu 57"); DREW NIEPORENT ("Nieporent") and RICHARD NOTAR ("Notar"), (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of ALISA AGOFONOVA and AARON POU ("Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

RL1 614290v1 09/28/07

1.  Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.

## JURISDICTION AND VENUE

2.  In response to paragraph 2 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over the First and Second Claims for Relief under the Fair Labor Standards Act and that venue is proper. Defendants further admit that the Corporate Defendants conduct business in this District, and have their principal executive offices in this District.

## PARTIES

3.  Paragraph 3 of the Complaint does not contain any allegations of fact that can be admitted or denied.

4.  In response to paragraph 4 of the Complaint, Defendants admit the allegations.

5.  In response to Paragraph 5 of the Complaint, Defendants admit allegations.

6.  In response to Paragraph 6 of the Complaint, Defendants admit the allegations.

7.  In response to paragraph 7 of the Complaint, Defendants admit the allegations.

8.  In response to paragraph 8 of the Complaint, Defendants deny the allegations, except admit that Defendants Nieporent and Notar own a percentage of Defendant Nobu 57 LLC.

9.  In response to paragraph 9 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that Defendant Nieporent owns a percentage of Defendants Nobu Corp., Nobu Next Door, LLC and Nobu 57 LLC.

10. In response to paragraph 10 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that Defendant Notar owns a percentage of Defendant Nobu 57 LLC.

11. In response to paragraph 11 of the Complaint, Defendants deny the allegations.

12. In response to paragraph 12 of the Complaint, Defendants admit the allegations and further state that Plaintiff Pou was employed as a server at Nobu and Nobu Next Door from 2001 until 2006.

13. In response to paragraph 13 of the Complaint, Defendants admit the allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. In response to paragraph 14 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act. Defendants deny the substantive allegations of the Complaint and any allegations involving the collective action and do not waive the right to challenge those allegations in this Court.

15. In response to paragraph 15 of the Complaint, Defendants deny the allegations.

16. In response to paragraph 16 of the Complaint, Defendants deny the allegations.

## RULE 23 CLASS ALLEGATIONS-NEW YORK

17. In response to paragraph 17 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for alleged violations under New York law. Defendants deny the substantive allegations of the Complaint and any allegations involving the class action and do not waive the right to challenge those allegations in this Court.

18. In response to paragraph 18 of the Complaint, Defendants deny the allegations.

19. In response to paragraph 19 of the Complaint, Defendants deny the allegations as conclusions of law.

20. In response to paragraph 20 of the Complaint, Defendants deny the allegations.

21. In response to paragraph 21 of the Complaint, Defendants deny the allegations as conclusions of law.

22. In response to paragraph 22 of the Complaint, Defendants deny the allegations as conclusions of law.

23. In response to paragraph 23 of the Complaint, Defendants deny the allegations.

24. In response to paragraph 24 (a) – (g) of the Complaint, Defendants deny the allegations as conclusions of law .

## FACTS

25. Paragraph 25 of the Complaint does not contain any allegations of fact that can be admitted or denied.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, Defendants deny the allegations.

28. In response to paragraph 28 of the Complaint, no response is required insofar as this paragraph avers conclusions of law.

29. In response to paragraph 29 of the Complaint, Defendants deny the allegations.

30. In response to paragraph 30 of the Complaint, Defendants deny the allegations.

31. In response to paragraph 31 of the Complaint, Defendants deny the allegations as conclusions of law.

32. In response to paragraph 32 of the Complaint, Defendants deny the allegations as conclusions of law.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations.

34. In response to paragraph 34 of the Complaint, Defendants admit the allegations.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations.

### FIRST CLAIM FOR RELIEF

37. In response to paragraph 37 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-36.

38. In response to paragraph 38 of the Complaint, Defendants deny the allegations as conclusions of law.

39. In response to paragraph 39 of the Complaint, Defendants deny the allegations.

40. In response to paragraph 40 of the Complaint, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### SECOND CLAIM FOR RELIEF

41. In response to paragraph 41 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-40.

42. In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43. The allegations in paragraph 43 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

44. The allegations in paragraph 44 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

45. In response to paragraph 45 of the Complaint, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## THIRD CLAIM FOR RELIEF

46. In response to paragraph 46 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-45.

47. The allegations in paragraph 47 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

48. The allegations in paragraph 48 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

49. The allegations in paragraph 49 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

50. Paragraph 50 of the Complaint does not contain any allegations of fact that can be admitted or denied.

## FOURTH CLAIM FOR RELIEF

51. In response to paragraph 51 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-50.

52. In response to paragraph 52 of the Complaint, Defendants deny the allegations as conclusions of law.

53. The allegations in paragraph 53 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

54. The allegations in paragraph 54 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

55. Paragraph 55 of the Complaint does not contain any allegations of fact that can be admitted or denied.

### FIFTH CLAIM FOR RELIEF

56. In response to paragraph 56 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-55.

57. The allegations in paragraph 57 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

58. In response to paragraph 58 of the Complaint, Defendants deny the allegations.

59. The allegations in paragraph 59 of the Complaint are conclusions of law and therefore no response is required. To the extent these averments are deemed to be factual, Defendants deny the allegations.

60. Paragraph 60 of the Complaint does not contain any allegations of fact that can be admitted or denied.

In response to the Paragraphs under "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief requested, or any relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

## EIGHTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. § 16(b) because they are not similarly situated.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Fed.R.Civ.P. 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct.

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs and the putative collective action members take nothing by the Complaint;

B. That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C. For such other relief as this Court may deem just and proper.

Dated: New York, New York
September 28, 2007

                    FOX ROTHSCHILD LLP
*Attorneys for Defendants*

/s/ *Carolyn D. Richmond*
By: Carolyn D. Richmond (CR-0993)
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7983

## CERTIFICATE OF SERVICE

CAROLYN D. RICHMOND, an attorney admitted to practice in this Court, hereby states that on September 28, 2007, I caused a true and correct copy of the foregoing Defendants' Answer And Affirmative Defenses To The Complaint For Violations Of The Fair Labor Standards Act And State Wage And Hour Laws; Claims For Damages And Injunctive Relief – Collective Action to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>D. Maimon Kirschenbaum
>JOSEPH & HERZFELD LLP
>757 Third Avenue, 25th Floor
>New York, NY 10017

>*/s/ Carolyn D. Richmond*
>Carolyn D. Richmond (CR-0993)