UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALISA AGOFONOVA and AARON POU on
behalf of themselves and all others similarly
situated,

                  Plaintiffs,

            -against-

NOBU CORP.; NOBU ASSOCIATES, L.P.;
NOBU NEXT DOOR. LLC; NOBU 57 LLC;
DREW NIEPORENT and RICHARD NOTAR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/11/2008
ECF CASE
```

**07-CV-6926 (DAB)**

**STIPULATED PROTECTIVE ORDER
RESTRICTING DISCLOSURE OF
CONFIDENTIAL INFORMATION**

      Whereas, discovery in this action is expected to involve disclosure of confidential, private, and/or proprietary information and to facilitate the exchange of such information during the discovery phase of this action, named plaintiffs ALISA AGOFONOVA and AARON POU and others similarly situated and defendants NOBU CORP., NOBU ASSOCIATES, L.P.; NOBU NEXT DOOR, LLC; NOBU 57 LLC; *et al.*, by and through their respective attorneys of record stipulate, agree and ask the Court to order as follows:

      1.    This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including but not limited to document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials"). The protections conferred by this Order cover not only Highly Confidential Information and Confidential Information ("Confidential Material") (as defined below), but also any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

2.      All Confidential Materials made available in the course of the Litigation shall be used solely for the purposes of preparing for and conducting the Litigation and for no other purpose whatsoever.    No Confidential Materials may be used or disseminated except in accordance with the terms of this Protective Order.

3.      The term "Confidential Information" includes, but is not limited to, information which has not been made public and which concerns or relates to the business of Defendants not generally known to competitors, .. In producing or disclosing Litigation Materials, the parties may designate as "Confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes or contains non-public, confidential information or proprietary information.

4.      The term "Highly Confidential Information" includes, but is not limited to, employee handbooks, training materials and other proprietary and competitively sensitive "Confidential Information," the disclosure of which may have the effect of causing harm to the party from which the Litigation Material was obtained. The parties may only designate as "Highly Confidential" any portion of any Litigation Materials that the counsel to the parties in this Action mutually agree warrants the "Highly Confidential" designation.  Counsel to each party shall not unreasonably withhold consent to mark Litigation Materials as Highly Confidential. Litigation Materials designated "Highly Confidential" may not be disseminated in any form and must be reviewed in the presence of counsel of record of this litigation.

5.      Each Party that designates Confidential Material or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the

2

appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

6.    Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), are not permitted under this Order.

7.    If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

8.    In accordance with paragraphs 3 and 4 above, the parties may designate Litigation Materials as "confidential" or "highly confidential" at or before production or disclosure by (a) stamping or otherwise writing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the Litigation Materials that contains Confidential Information or Highly Confidential Information: or (b) by an alternative method agreed to by all parties, prior to designation. For information produced in some form other than documentary, and for any other tangible items, the Designating Party may affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   In the event that Litigation Materials that are not designated initially as confidential or highly confidential are later designated as confidential or highly

3

confidential, they shall thereafter be treated as confidential or highly confidential Litigation Materials in accordance with this Protective Order.

9.  Parties may designate depositions or other testimony as confidential or highly confidential by any one of the following means:  (a) stating orally on the record that the information is confidential or highly confidential and the portions for which such designation is made, on the day that testimony is given; or (b) sending written notice designating information as confidential or highly confidential within five days after receipt of a transcript thereof.  All information disclosed during a deposition shall be treated as if it were confidential or highly confidential unless and until the five-day period set forth in this paragraph has expired without any written designation notice having been sent.  Failure to designate depositions or other testimony as confidential or highly confidential within this five-day period, however, does not preclude a party from doing so later in accordance with this order.  Transcript pages containing Confidential Materials may be separately bound by the Court Reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" as instructed by the Party of non-party offering or sponsoring the witness or presenting the testimony.  The Parties may agree to alternative methods by the Court Reporter on the record or in writing.

10.  Litigation Materials designated "Confidential" or "Highly Confidential" and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed.  Such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following persons:

4

NY1 73360v1 11/27/07
NY1 104326v4 02/28/08

(a)     Parties, including opt-in plaintiffs and Declarants, to the extent deemed reasonably necessary by counsel for the party for assistance in prosecuting or defending this case;

(b)     Counsel for the parties, including both outside counsel and in-house counsel for the parties;

(c)     Legal, paralegal, non-technical, and clerical staff employed by counsel for the parties for the preparation of and trial of this action who have been advised of this Order;

(d)     Private court reporters or notaries public engaged by the parties in their official capacities;

(e)     Persons appearing as deponents or witnesses on behalf of the party who has produced or disclosed the Confidential Litigation Materials, or on whose behalf such Confidential Litigation Materials have been produced or disclosed.  Pages of transcribed deposition testimony or exhibits to deposition that reveal Confidential Material may be separately bound by the Court Reporter and may not be disclosed to anyone except as permitted under this Protective Order.  The Parties may agree to alternative methods by the Court Reporter on the record or in writing;

(f)     Independent experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order; and,

(g)     The Court and court personnel in accordance with ¶ 10, below.

5

11.     Before any party to this action or employee of a party to this action is given access to Confidential Litigation Materials pursuant to ¶10(a) above, or any expert or consultant is given access to Confidential Litigation Material pursuant to ⁴10(f), such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms. Counsel of record shall maintain possession of an executed copy of this Protective Order and shall provide a copy of it to each qualified person executing the acknowledgment and agreement appended as Exhibit A. A copy of the acknowledgment and agreement to be bound by the terms of this Protective Order signed by each person falling within the terms of this Protective Order shall be made available to opposing counsel upon request. Nothing in this paragraph, however. shall require the disclosure of the identity of experts retained by the parties.

12.     If Litigation Materials designated confidential or "Highly Confidential" or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential" or "Highly Confidential" and such material or documents shall be filed in accordance with the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

13.     If any party objects to the designation of any Litigation Materials as Confidential, that party may challenge the designation pursuant to the following procedure:

>       (a)     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens. or a later significant disruption or delay of the litigation. a Party does not waive its right to challenge a

6

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

(c) If the parties are unable to resolve their differences within two (2) business days, they shall so state in writing. The party objecting to the designation must then file a Motion or request a conference with the Court within three (3) business days thereafter. If the party objecting to the designation does not file a Motion or request a conference with the Court within ten (10) calendar days from written notice of the objection, the document will be deemed Confidential. The burden of going forward to obtain a protective order shall remain on the party objecting to the Confidential designation.

(d) The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the motion, Confidential material shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential material (except as

7

provided for in ¶12), but may refer to them by proper identification, such as Bates Stamp number or date and author.

14.    If there is any dispute as to the designation of any Litigation Material as Highly Confidential pursuant to paragraph 4 above, the parties may resolve the deadlock pursuant to the following procedure:

> (a)    A Party that refuses to acquiesce to the other party's request to designate Litigation Materials as highly confidential must do so in good faith and must explain the basis for its belief that the Highly Confidential designation is not proper. The party refusing to designate the Litigation Materials as Highly Confidential must then give the Designating Party an opportunity to review the designated materials to reconsider the circumstances.

> (b)    If the parties are unable to resolve their differences within two (2) business days, they shall so state in writing. The party refusing to designate the Litigation Materials as Highly Confidential must then file a Motion or request a conference with the Court within three (3) business days thereafter. If the party refusing to designate the Litigation Materials as Highly Confidential does not file a Motion or request a conference with the Court within ten (10) calendar days from written notice of the objection, the document will be deemed Highly Confidential. The burden of going forward shall remain on the party refusing to designate the Litigation Materials as Highly Confidential.

8

(c)     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.    Until the court rules on the motion, Highly Confidential material shall be treated as Confidential and any papers filed with the Court may not include such Confidential material (except as provided for in ¶12), but may refer to them by proper identification, such as Bates Stamp number or date and author.

15.     Nothing in this Protective Order shall prevent any party from disclosing its own Confidential Litigation Materials as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the Protective Order.

16.     If a party to this Protective Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena.  Where possible, at least seven (7) calendar days notice before production or other disclosure should be given.  In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three (3) business days, to take appropriate action, including seeking judicial relief.  By this Protective Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application on notice on any grounds.

9

17. This Protective Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

18. The fact that discovery material is designated confidential or that such material is disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

19. The inadvertent production or disclosure of any Litigation Material in discovery or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

20. The parties may modify the provisions of this Protective Order at any time by stipulation approved by order of the Court.

21. Within 60 days after the final termination of this action, upon request of the producing party, the receiving party shall either (1) assemble and return to each designating party or person or (2) destroy all material embodying information designated as Confidential Information, including all copies of such documentary material. Should a party elect to destroy all materials rather than return such materials, counsel for such party shall provide a written confirmation of such destruction within 60 days after the final termination of this action.

10

22.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

JOSEPH & HERZFELD LLP
Attorneys for Plaintiffs and proposed
collective action and class action members

By: _____
D. Maimon Kirschenbaum, Esq.

Dated: February 28, 2008

FOX ROTHSCHILD LLP
Attorneys for Defendants

By: /s/ Carolyn D. Richmond
     Carolyn D. Richmond, Esq.
     Eli Z. Freedberg, Esq.

Dated: February 28, 2008

DATE: _____

SO ORDERED.

Deborah A. Batts
U.S.D.J.                       3/11/2008

11

NY1 73360v1 11/27/07
NY1 104326v4 02/28/08

## EXHIBIT A

I, _____ [print or type name], being of full age, hereby certify and acknowledge that I have received and read a copy of the Protective Order entered in the action pending in the United States District Court Southern District of New York captioned *Alisa Agofonova and Aaron Pou, et al. v. Nobu Corp., Nobu Associates, L.P., Nobu Next Door, LLC; Nobu 57 LLC;, et al.,* Case No. 07-CV-06926 (DAB), and I understand the limitations it imposes on the use and disclosure of information designated as "Litigation Material" and "Confidential Litigation Material." I further understand that the unauthorized use or disclosure of any Litigation Material or Confidential Litigation Material may constitute contempt of Court and I hereby consent to the personal jurisdiction of the U.S. District Court Southern District of New York in connection with the use or disclosure of Litigation Material or Confidential Litigation Material. I agree to be bound by all of the terms of such Protective Order.

To further effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court Southern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
Signature

_____
Address

12