## UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISA AGOFONOVA and AARON POU on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NOBU CORP., NOBU ASSOCIATES, L.P., NOBU NEXT DOOR, LLC, NOBU 57 LLC, DREW NIEPORENT, and RICHARD NOTAR,<br><br>    Defendants. | INDEX NO: 07 CIV 6926 (DAB)<br><br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**<br><br>**JUDGE: HON. DEBORAH A. BATTS** |

## INTRODUCTION

1.     This Joint Stipulation of Settlement and Release ("Agreement") is entered into by and between plaintiff Alisa Agofonova and Aaron Pou, individually and on behalf of themselves and all others similarly situated, on the one hand, and defendants Nobu Corp., Nobu Associates, L.P., Nobu Next Door, LLC, Nobu 57, LLC, Drew Nieporent, and Richard Notar ("Defendants"), on the other hand, by and through their respective counsel of record.  This Agreement supersedes any and all prior memoranda of understanding or proposals and accurately sets forth the Parties' settlement in the amount of Two Million and Five Hundred Thousand Dollars ($2,500,000.00) to resolve all class, collective, and individual claims for alleged violations of the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)("FLSA"), the New York State Minimum Wage Act (N.Y. Lab. L. § 650 *et seq.*), and Illegal Pay Deductions and Deductions from Gratuities Provisions (N.Y. Lab. L. §§ 193, 196-d and 198-b) ("New York's Labor Law"), as detailed below.

## DEFINITIONS

2.     Plaintiff and Defendants are collectively referred to as "Parties."

3.    "Class Counsel," subject to Court approval, are:

JOSEPH & HERZFELD LLP
D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
757 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

LYMAN & ASH
Cletus Lyman
1612 Latimer Street
Philadelphia, PA 19103
Telephone: (215) 732-7040
Facsimile: (215) 732-2496

LAW OFFICES OF JEFFREY E.
GOLDMAN
Jeffrey E. Goldman (JG-4693)
501 Fifth Avenue, Suite 1900
New York, New York 10017
Telephone: (212) 983-8999

4.    "Defendants' Counsel" are:

FOX ROTHSCHILD, LLP
Carolyn D. Richmond    (CR-0993)
Eli Z. Freedberg    (EF-6854)
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940

5.    The "Settlement Class," or "Settlement Class Members," subject to Court

approval, consists of Class Representatives, and all non-exempt employees employed by

Defendants as a server, runner, busser, bartender, or any similar position during the relevant

Claims Periods set forth below:

a.    Under applicable state laws, excluding those current or former employees

who opt-out of or exclude themselves from this Agreement - from August

2, 2001 through August 6, 2008, the date of filing this Agreement with the

Southern District of New York. ("State Claim Period").

b.    Under the FLSA, excluding those current or former employees who do not

opt-in to the FLSA class - from July 1, 2005 through August 6, 2008, the

date of filing this Agreement with the Southern District of New York.

("FLSA Claim Period").

Any individual who falls within the state subclass and does not opt-out or exclude him/herself is a Settlement Class Member for purposes of this Agreement and the release provisions of this Agreement apply even if he or she does not opt-in to the FLSA sub-class.

6.    The "Class Representatives," subject to Court approval, are Alisa Agofonova and Aaron Pou, who have been designated class representatives for the Settlement Class, and are members of the Settlement Class.

7.    The "Effective Date" is the date on which this Agreement becomes effective which shall be fifteen days following entry of final order by the Court approving this Agreement or fifteen days after the appeal period runs and any appeals are resolved.

8.    The "Wage Action" is a civil action pending in the United States District Court for the Southern District of New York, Case No. 07-cv-06926 (DAB), captioned *Alisa Agofonova and Aaron Pou on behalf of themselves and all others similarly situated v. Nobu Corp., Nobu Associates, L.P., Nobu Next Door, LLC, Nobu 57, LLC, Drew Nieporent, and Richard Notar*.

**LITIGATION BACKGROUND**

9.    The Class Representatives filed the Wage Action on August 2, 2007, alleging wage and hour violations under the FLSA and New York Labor Law.  The case was assigned for all purposes to Judge Deborah A. Batts.  The Class Representative's proposed class consisted of: "all non exempt persons employed by Defendants as a server and/or busboy on or after the date that is six years before the filing of the Complaint in this case."  The Wage Action seeks, *inter alia*, recovery of unpaid wages, disgorgement of tip income, disgorgement of the tip credit

applied by Defendants towards Plaintiffs wages, back pay for all unpaid overtime, liquidated damages, penalties, interest, attorneys' fees, costs, and equitable relief.

10.     After Defendants appeared in the Wage Action, the Parties met and conferred over both the legal issues and the factual bases underlying the Class Representative's claims. Counsel for the Parties discussed the legal and factual issues numerous times via conference calls and in written communications in an extended confidential settlement process.

11.     The Parties agreed to hold a voluntary mediation ("Mediation") before Ms. Bonnie Siber Weinstock (the "Mediator"), an experienced wage and hour mediator, in an attempt to resolve the issues pending before the Court in this Wage Action. The Mediation was held on May 13, 2008, at the offices of Defendants' Counsel and present at the Mediation were the Class Representatives, several Settlement Class members, Defendants, Defendants' Counsel and Class Counsel.

12.     Prior to the Mediation, and throughout the course of the Wage Action, Class Counsel and Defendants' Counsel vigorously investigated the allegations against Defendants. As part of the investigation, Defendants produced personnel files of randomly chosen putative Settlement Class members, wage and payroll records, including but not limited to, daily time sheets, ADP reports, daily and weekly payroll worksheets, tip-sheets, and electronic time cards. Defendants also produced documents describing each position at their restaurant including, for example, classified ads placed in newspapers and on the internet. In addition, Class Counsel interviewed potential Settlement Class members who had knowledge of the facts alleged in the Wage Action. The Parties agreed that the production of these abundant documents were relevant to the claims asserted on behalf of the putative class and that the production of these documents facilitated meaningful and productive settlement discussions, including the Mediation. Class

Counsel has reviewed and analyzed all of the wage records provided and other information produced by Defendants relating to the putative class.

13.    In addition, prior to the Mediation, the Parties submitted a confidential Position Statement to the Mediator.  The Settlement Class members' Position Statement contained the Settlement Class members' legal and factual arguments supporting their position that Defendants violated the FLSA and New York's Labor Laws.  The Settlement Class members' Position Statement also included charts containing their calculations of damages in this Wage Action. Similarly, the Defendants' Position Statement contained their legal and factual arguments in support of their defenses to the claims asserted by the putative Settlement Class members in this Wage Action.  The factual bases of the Parties' Position Statements were based upon, in-part, the documents produced by Defendants prior to the Mediation.

14.    Through the efforts of the Mediator, the Parties reached a preliminary agreement to settle the Wage Action.

15.    Despite the Mediation, certain claims, demands and differences exist between the Parties, including, *inter alia*, the Settlement Class members' contentions that Defendants: (1) failed to pay the Settlement Class wages due for certain time worked (including, but not limited to, overtime); (2) improperly retained portions of tips given to the Settlement Class; (3) instituted an involuntary tip-pool; and, (4) whether certain participants in Defendants' tip-pool were managerial or supervisory employees.

16.    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Wage Action.  Defendants further contend, among other things, that they complied with the FLSA and New York's Labor Laws.  Defendants deny that they failed to pay the Settlement Class according to the FLSA or New York's Labor Laws, and further deny that

they violated the tip credit provision provided by the FLSA or New York's Labor Laws. The Class Representatives believe that they have filed a meritorious action based on alleged violations of the FLSA and New York's Labor Laws.

17.    This case involves numerous complex issues of law and regulation, including application of state and federal employment standards currently at issue in appellate litigation and regulatory action. This fact, the ordinary risks and hazards inherent in ongoing litigation, and the cost of continuing to prosecute and defend the Wage Action, have led the Parties to resolve the Wage Action by way of settlement.

18.    Class Counsel represents that they have conducted a thorough investigation into the facts of the Wage Action and diligently pursued an investigation of Settlement Class members' claims against Defendants.    Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, litigation risks, Defendants' finances, and the defenses asserted by Defendants.

## JURISDICTION AND VENUE

19.    Defendants do not challenge this Court's exercise of personal jurisdiction over them in the Wage Action. This Court has jurisdiction over the subject matter of the Wage Action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Venue is proper in that a substantial part of the events at issue arose in this judicial district. This Court will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated herein have been fully executed.    Except as set forth herein, the Court will further have

continuing jurisdiction to resolve any dispute that may arise with regard to the terms and conditions of this Agreement.

## CERTIFICATION OF FLSA COLLECTIVE ACTION AND A STATE LAW CLASS

20.    For purposes of settling the Wage Action, the Parties stipulate and agree that the requisites for establishing class and collective action certification with respect to the Settlement Class have been met and are met, and therefore, stipulate to class and collective action certification for settlement purposes.  More specifically, the Parties stipulate and agree that:

a.    The Settlement Class is "similarly situated" to the Class Representatives in that they have been employed under policies and/or practices similar to those applied by Defendants;

b.    The Settlement Class is so numerous as to make it impracticable to join all members;

c.    There is an ascertainable class;

d.    There are common questions of law and fact including, but not necessarily limited to, the following:

(i)    whether Defendants employed or jointly employed the Class Representatives and the Settlement Class members within the meaning of New York's Labor Laws and the FLSA;

(ii)    whether Defendants paid the Class Representatives and the Settlement Class members the minimum wage for all hours worked;

(iii)    whether Defendants' practices, policies, programs, procedures, protocols and plans allowed for the payment of overtime to the Class Representatives and the Settlement Class members;

(iv)    whether Defendants' practices, policies, programs, procedures, protocols and plans violated the Class Representatives' and the Settlement Class members' right to collect payment for all hours worked;

(v)    whether Defendants retained portions of the Class Representatives' and the Settlement Class members' tips; and,

(vi)    whether the Class Representatives and the Settlement Class members were forced to share their tips with parties who were not entitled to tips.

e.    Class Representative's claims are typical of the claims of the members of the Settlement Class;

f.    Class Counsel should be deemed class counsel and will fairly and adequately protect the interests of the Settlement Class;

g.    The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct;

h.    Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members in the Settlement Class; and,

       i.      A class action is superior to other available means for the fair and efficient adjudication of the controversy.

21.     The Parties agree to promptly submit to the Court a motion and a proposed order seeking preliminary approval of settlement and, for purposes of settlement, certifying an FLSA collective action and a Rule 23 class action. The Parties agree the proposed order will include:

     a.     Findings that for purposes of settlement, the FLSA group is similarly situated;

     b.     Certification of an FLSA collective action;

     c.     Findings that the State Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23;

     d.     Approval of Class Notice and Consent to Join Forms to be sent to the Settlement Class;

     e.     A deadline within 20 days after the Order is preliminarily approved that the Class Notice and Consent to Join Forms be sent to the Settlement Class members by mail to the Class Representatives' and the Settlement Class members' addresses as they are maintained by the Defendants;

     f.     A deadline within 60 days of mailing of Class Notice and Claims Forms for opting out of, or excluding oneself from, the state claim class action under Federal Rule of Civil Procedure 23;

     g.     A deadline of 60 days after mailing of Class Notice for objecting to the settlement;

NY1 121949v4 06/27/08
NY1 121949v6 08/05/08

9

h.    A deadline within 60 days of mailing of Class Notice and Consent to Join Form for opting in to the FLSA collective action, and filing a Consent to Join Form in this action;

i.    Appointment of Alisa Agofonova and Aaron Pou as Class Representatives for the FLSA action and the state subclass; and,

j.    Appointment of Class Counsel as counsel for the FLSA collective action and for the state subclass.

22.    The Parties agree that Rule 23 class certification and FLSA collective action treatment under the terms of this Agreement are for settlement purposes only.  Nothing in this Agreement will be construed as an admission or acknowledgment of any kind of liability or that any class should be certified or given collective treatment in the litigation of this matter or in any other action or proceeding.  In the event that this Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court:

a.    This Agreement shall have no force or effect;

b.    This Agreement shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

c.    The preliminary and conditional certification of the Wage Action shall automatically be null and void and the fact of it shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and

d.    None of the Parties to this Agreement will be deemed to have waived any claims, objections, defenses or arguments with respect to the issue of class

or collective action certification or maintenance of the Wage Action as a collective or class action.

## TERMS OF SETTLEMENT

23.    Class Representatives and Settlement Class members agree to release Defendants and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees") from any and all claims, damages, causes of action, demands, and losses, contingent or non-contingent, known or unknown, suspected or unsuspected, described in Paragraph 45, subject to the terms and conditions set forth in this Agreement and the approval of the Court.

24.    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of the claims set forth in Paragraph 45, which release shall include in its effect Defendants and all Releasees.

25.    Dismissal.    The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Wage Action with prejudice.

26.    Maximum Payment. The maximum payment under this Agreement, including but not limited to all payments to the Settlement Class, the Class Representative enhancement award, all attorneys' fees and costs, and any other settlement sums or costs, including but not limited to any tax or withholding liability imposed upon the Defendants, shall be Two Million Five Hundred Thousand Dollars ($2,500,000.00) in the aggregate.   Under no circumstances will

Defendants be required to pay more than $2,500,000.00 total, for any reason under this Agreement.

27.    Defendants agree to pay make all payments due under this Agreement on or before May 13, 2009 – provided that this date shall be at least fifteen days following the Effective Date.  If fifteen days following the Effective Date is later than May 13, 2009, then Defendants shall make all payments due pursuant to this Agreement on or before fifteen days following the Effective Date.

28.    Defendants shall issue checks to each Settlement Class member pursuant to the report prepared by Class Counsel in accordance with paragraph 44 of this Agreement. Defendants shall deliver the checks to Class Counsel within the deadlines cited in Paragraph 27 of this Agreement.   Class Counsel shall be exclusively responsible for the delivery of the settlement checks to each Settlement Class member.   Delivery of the settlement checks by Defendants to Class Counsel shall satisfy their obligations under this Agreement.

29.    The Effective Date, earlier described at Paragraph 7, shall be fifteen (15) days following the date of final approval if no objections are filed to the settlement.  If objections are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of final approval shall be Fifteen (15) days after the Court enters final approval.  If an appeal is taken from the Court's overruling of objections to the settlement, then the Effective Date of final approval shall be Fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

30.    This settlement provides for a claims process requiring Defendants to set aside $2,500,000.00 as set forth in Paragraph 26 that shall be referred to as a Gross Fund Value ("GFV"), which shall represent the maximum possible payments that Defendants shall make

toward the settlement of this action. This GFV shall be used to cover all payments of class claims, attorney's fees, costs, taxes, and the Class Representative enhancement award, if any.

31.    The Net Fund Value ("NFV") shall be calculated by deducting from Defendants' maximum payment of Two Million Five Hundred Thousand Dollars ($2,500,000.00) the sums set forth below as the anticipated payments under this Settlement for court-approved attorneys' fees and past, present and future costs, any court approved enhancement fees (as discussed below), and all costs of administration, imposed upon the Defendant as a result of such payments.

32.    In consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.    Class Counsel will handle the administration of the settlement. All costs of administration of the settlement shall be paid by Class Counsel. Duties of administration of the settlement shall include, without limitation, mailing notices, performing address updates and verifications as necessary prior to the first mailing, mailing deficiency letters (if any), the calculation, processing, and mailing of all class member settlement checks to Settlement Class members.

b.    Payments to Settlement Class Members: In consideration for settlement and a release of all claims identified in Paragraph 45 of this Agreement by the Settlement Class, Defendants agree to pay to each member of the Settlement Class who was employed by Defendants within the applicable Claim Periods (see Paragraph 5) a pro-rata share of the NFV. The pro rata share of the NFV shall be calculated as follows:

(i)      each employee will be classified by Class Counsel as either a "Waiter," "Runner," "Busser," and "Bartender," according to the last job held while employed at Defendants;

(ii)     each Waiter will receive ten points for each hour that the employee recorded in the Defendants' records at any time during the applicable Claim Period;

(iii)    each Runner will receive six points for each hour that the employee recorded in the Defendants' records at any time during the applicable Claim Period;

(iv)     each Busser will receive four points for each hour that the employee recorded in the Defendants' records at any time during the applicable Claim Period;

(v)      each Bartender will receive six points for each hour that the employee recorded in the Defendants' records at any time during the applicable Claim Period;

(vi)     each Settlement Class Member who was employed by Defendants during the FLSA Claim Period who submits a valid blue Consent to Join the FLSA claim form within sixty (60) days after Class Counsel mails the Settlement Class Members the forms will have their points during the FLSA Claim Period increased by three percent (3%).

(vii)    each Settlement Class member's Total Points shall be the sum of their hours worked times the applicable multiplier;

(viii)   Class Counsel will determine each Settlement Class member's classification, and their classification is binding for purposes of this Agreement; and,

(ix)    Each Settlement Class Member shall receive a pro rata share of the NFV equal to the Settlement Class Member's Total Points divided by the aggregate Total Points of all Settlement Class members who file qualified claims, multiplied by the NFV.

(xi)    <u>Settlement Payments Do Not Trigger Additional Benefits</u>:   All payments to the Settlement Class Members from the NFV shall be deemed to be paid to such Settlement Class Members solely in the year in which such payments are actually received by the Settlement Class Members.  It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Settlement Class Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle any Settlement Class member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Agreement that the payments from the NFV provided for in this Agreement are the sole payments to be made to the Settlement Class members, and that the Settlement Class members are not entitled to any new or additional compensation or benefits as a result of having received payment from the NFV (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the Relevant time Period).  Settlement Class members specifically waive entitlement

to such benefits and in additional consideration for the mutual covenants made in this Agreement hereby covenant not to bring any further action against Defendant or any retirement or welfare benefit plan maintained by Defendant or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement.  This Agreement may be pleaded by the Defendant or by any benefit plan or fiduciary thereof  as a complete and absolute defense to any such claim.

c.    Attorneys' Fees and Costs:  Class Counsel will apply to the Court for attorneys' fees and costs to be paid from the GFV.  Defendants will not oppose or comment on that application.  Pursuant to its agreement with the Class Representatives and several Settlement Class members, Class Counsel shall be entitled to one-third (1/3) of the GFV, which in this instance equals $833,333.33.  Defendants shall make the payment provided for in the Court's Approval Order for attorneys' fees and costs, provided that such payment shall be in an amount no greater than that provided for by in this Paragraph.  This payment shall be reported to the Internal Revenue Service via a Form 1099 as non-employee income to Class Counsel. Defendants have received a fully executed IRS Form W-9 from Class Counsel to whom the payment shall be made.  Class Counsel has provided Defendants with their taxpayer identification numbers.  Defendants shall have no liability to any of Class Counsel with respect to payment of attorneys' fees and costs pursuant to the directions received from Class

Counsel, even if there is some dispute among Class Counsel as to the proper allocation of this payment amongst themselves.

d.    Tax Treatment of Claim Share Portion of Settlement Payments:    Class Representatives, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice whatsoever from Defendants, Defendants' Counsel as to any provision of this Agreement, or as to the taxability, whether pursuant to Federal, State or local income tax statutes or regulations or otherwise of the payments made, actions taken, or consideration transferred hereunder and that each and Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the payments described above.    The Class Representatives and Settlement Class members also acknowledge they should be responsible for all tax liability (including penalties and interest), if any, incurred by them as a result of any payment made by them to Plaintiff's Counsel and/or any other law firm, consultant, expert, accountant, professional adviser or agent.    Plaintiffs and Settlement Class Members agree to indemnify and hold harmless Defendants in the event of any dispute concerning whether taxes are owed on any part of the Agreement. Payments of all Settlement Amounts made pursuant to this Agreement will be subject to tax withholding and/or reporting.  Accordingly, all individual settlement amounts from the NFV to Qualified Class members shall reflect all applicable withholdings required by Federal, State and Local law.  Any

discretionary items of withholding shall be determined by the Defendant in its discretion and in accordance with its customary withholding practices.    Defendants shall report the payments made pursuant to the Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to each respective Representative Plaintiff and Settlement Class Members in accordance with the W-4 currently on file. In the event Representative Plaintiff or a Settlement Class Member is not currently employed by Defendants, he or she will be given an opportunity to provide Defendants with a new W-4, and each such Representative Plaintiff or Settlement Class Member acknowledges that his or her failure to provide Defendants with a new W-4 shall result in Defendants withholding as if the Representative Plaintiff or Settlement Member elected zero exemptions, single and Defendants will consider them residents of New York City. This deemed election shall apply to the extent applicable, for state and local withholding purposes.  Defendant reserves the right to reject any W-4 filed by any employee in the event it has a good faith belief that the employee is engaged in an attempt to evade the payroll withholding requirements by claiming an excessive number of dependants.

e.    Incentive Awards to Class Representatives:  Class Counsel will apply to the Court for an additional compensation of $40,000 to be paid to the Class Representatives, Andi Healy and Hiro Matsimoto ($10,000 each) for

their participation in the Wage Action and to be paid from the GFV. Defendants will not oppose or comment on that application.

f.    Tax Treatment of Class Representative Enhancement Award:  The Class Representatives will receive an IRS Form 1099 for their individual enhancement awards, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amounts.  In the event of an audit of Defendants by any state or federal government agency, or if any tax authority should dispute the characterization of this compensation, Defendants reserve all rights to indemnification permitted by law.

g.    Defendants shall not be liable to pay additional money or contribute any additional funds for taxes that result from the settlement payments under this Agreement.  All Parties represent that they have not received, and shall not rely on, advice or representations from other Parties or their agents regarding the tax treatment of payments under federal, state, or local law.

## NOTICE TO THE SETTLEMENT CLASS ("NOTICE PROVISION")

33.    Within fifteen (15) days of the entering of an order granting preliminary approval of the settlement and Class Notice (defined below), Defendants will provide to the Class Counsel an electronic spreadsheet in Microsoft Excel format containing all of the following information about each Settlement Class member: (1) names, (2) last known home address, (3) social security numbers, and (4) total hours worked in the Relevant Time Period.  Class Counsel agrees to use this data solely for the purposes of effectuating this Agreement and will comply with all state ad

federal laws that protect the privacy of current and former employees of Defendants. This document shall be deemed Highly Confidential and shall be handled pursuant to the terms of the Protective Order entered into by the Parties in this Action.

34.     Within twenty (20) days after the Court enters an order granting preliminary approval of the Settlement and the Class Notice (defined below), and subject to the approval of the Court, the Class Counsel will mail a Notice of Proposed Settlement of Class Action Lawsuit, Certification of the FLSA Action, Certification of the State Law Overtime Classes, and Settlement Hearing ("Class Notice") in the form attached hereto as Exhibit "A" to each Settlement Class member, by first class mail. Attached to the Notice will be a blue Consent to Join form. The Class Notice will inform the Settlement Class of the right to object to the settlement, and the procedure by which to object or opt-out. Class Counsel will include with the Notice a blank IRS Form W-4.

35.     In mailing the Class Notice, Class Counsel will, where necessary, update the addresses for the Settlement Class Members using the National Change of Address database. Any returned envelopes from the initial mailing with forwarding addresses will be used by the Class Counsel to locate missing Settlement Class members.  Class Counsel will use all appropriate tracing methods to ensure that the Class Notice is received by all Settlement Class members.

36.     At least fourteen (14) days prior to the final approval and fairness hearing, Class Counsel shall provide the Court with a declaration by of due diligence and proof of mailing of the Class Notice.

37.     Exclusion or Opt-Out.  Settlement Class members may opt out of, or exclude themselves from the Settlement Class under Federal Rule Civil Procedure 23 by mailing to the

Class Counsel a written statement expressing their desire to be excluded from the class. The statement must include their name (and former name), current address, telephone number, social security number, and the dates of employment with Defendants. Any such written exclusion must be post-marked not more than Sixty (60) calendar days after the date Class Notice is mailed to the Settlement Class. Written exclusions that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely exclusion statements will not participate in the settlement, nor will they be bound by the terms of the proposed settlement, if it is approved, or the final judgment in this Wage Action. Any Settlement Class Member who fails to exclude him/herself from the settlement pursuant to this Paragraph will become a Plaintiff and designates the Class Representatives as their representative to make decisions on their behalf concerning their state wage claims. Any Settlement Class member who fails to exclude him/herself from the settlement will be deemed a participant whose rights and claims are determined by the terms of this Agreement, including the release provisions of Paragraph 45, as approved or modified by the Court, even if he or she does not opt in to the FLSA class. Settlement Class Members shall be permitted to rescind their exclusion statements in writing by submitting a rescission statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing or as otherwise ordered by the Court.

38.    Opt-In. Pursuant to 29 U.S.C. § 216(b), Settlement Class members employed during the FLSA Claim Period  may join the Wage Action alleging violations of the Fair Labor Standards Act ("FLSA") by mailing to the Class Counsel a signed Consent to Join Form. The Consent to Join Form must be post-marked not more than Sixty (60) calendar days after the date

Class Notice is mailed to the Settlement Class. Settlement Class members who submit valid and timely Consent to Join Forms will become plaintiffs.

39.     Resolution of Claim Disputes.    A "Qualified Claimant" is an individual in the Settlement Class who does not opt-out of the Settlement Class pursuant to Paragraph 37, supra. If a Qualified Claimant disputes Defendants' records as to the dates he or she worked as a Settlement Class member, or the applicable points, the Class Counsel will examine Defendants' timekeeping records in an attempt to resolve the dispute. In making this decision, the time entered into Defendants' timekeeping system is dispositive as to the time worked by a Settlement Class member; no claimant may increase the size of his or her claim by arguing the time he or she worked is greater than that recorded by Defendants' timekeeping system. In any event, Class Counsel must resolve any such disputes prior to final approval of this settlement.    Class Counsel's determination is final and binding without a right of appeal. No dispute will be timely if postmarked more than Ten (10) calendar days after the date the individual settlement check was mailed to the Settlement Class member.

40.     Right to Rescission.    Notwithstanding any other provision of this Agreement, Defendants shall retain the right, in the exercise of their sole discretion, to nullify the settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the final approval hearing, if  thirty or more Settlement Class members exclude themselves or opt-out of the settlement. The number of Settlement Class members opting-in to the FLSA collective action is not determinative. In the event of such a rescission, no party may use the fact that the Parties agreed to settle this case as evidence of Defendants' liability in this lawsuit or the lack thereof.

41.     Objections. Settlement Class members who wish to object to this settlement must do so in writing or appear in person at the final approval and fairness hearing. Those who wish to object in writing must state the basis of the objection and mail the objection to Class Counsel and Defendants' Counsel postmarked on or before sixty (60) calendar days after the date Class Notice and Claims Forms are mailed to the Settlement Class. Settlement Class members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court.

42.     Claim Process. Settlement Class members will be permitted no more than Sixty (60) calendar days from the date the Notices are mailed by the Class Counsel to postmark properly completed IRS Form W-4s or Defendants will withhold at the maximum rate.

43.     Within Seven (7) calendar days of receipt by the Class Counsel of each timely-submitted Consent to Join Form, the Class Counsel will send a deficiency notice to a Settlement Class member if there is any irregularity in the completed Consent to Join Form. The deficiency notice will provide the Class Members no more than Fifteen (15) calendar days from the mailing of the deficiency notice to postmark the response to any deficiencies in writing. The failure of a Class Member to execute a Consent to Join Form under penalty of perjury or timely submit a response to any deficiency notice shall invalidate a claim and will not be considered a deficiency subject to cure.

44.     All original Consent to Join Forms must be sent directly to Class Counsel at the address indicated on the Consent to Join Form. From the time at which the Class Notices are mailed through the date that is sixty (60) days after the Class Notices are mailed, Class Counsel will provide bi-monthly summary reports to Defendants' Counsel identifying the names of those

Settlement Class Members who have submitted Consent to Join Forms, and who have submitted opt-out forms. Nothing in this paragraph shall limit the ability of Defendants' Counsel and/or Plaintiff's Counsel to engage in communications with each other. At least fourteen (14) calendar days prior to the final approval hearing, Class Counsel will supply Defendants' counsel with an updated address list for the Settlement Class Members, reflecting any updates discovered over the course of administering notice to the Settlement Class and receipt of any challenges and written objection and exclusion statements. Within fourteen (14) days prior to the final approval hearing, Class Counsel shall provide to Defendants' Counsel with a report listing the amount of all payments to be made to the Class Representative and all Settlement Class Members from the NFV. Settlement Class members will have ninety (90) calendar days after mailing of the Settlement Checks by Defendants to Class Counsel to cash their settlement payments. If Settlement Class members do not cash their settlement payment checks within the 90 day period, their settlement checks will be void and a stop-pay will be placed. In such event, Defendants will wait another two hundred and seventy five (275) days for the Settlement Class Member to request a replacement check. If the Settlement Class Member does not request a replacement check by that time, then the money will revert back to Defendants.

## RELEASE BY THE CLASS

45.     Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Class Representative and all other Settlement Class members who have not opted out of this Agreement in a timely manner, on their behalf, and behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys fully release and discharge Defendants and any and all of their parents, subsidiaries and affiliated entities and their respective officers, directors,

shareholders, employees, members, managers, co-joint venturer, fiduciaries, trustees, employee benefit plan administrators, related or affiliated companies, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, from any and all individual or class and collective action claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages interest, penalties, actions, or causes of action of whatever kind or nature, whether known or unknown, contingent or non-contingent, that were alleged or could have been alleged in the Wage Action on or before the end of the relevant Class Period, including but not limited to all claims related to unpaid wages, unpaid overtime, missed meal and rest periods, unpaid travel time, unpaid waiting time and unrecorded time, nonpayment or inaccurate payment of tips and wages under any federal, state or local law, failure to pay the spread of hours premium, wage records and record keeping, waiting time penalties, unfair competition, fraud, concealment, interest and other civil penalties, under the Fair Labor Standards Act and all other federal wage and hour laws and regulations, state and local wage and hour laws, regulations, orders and common law in New York resulting from their employment in any hourly position at any of Defendants' three restaurants, at any time during the relevant Claims Periods. This release includes any claims the Class Representative and the Settlement Class members may have (a) for benefits pursuant to the terms of Defendants' tax –qualified employee benefit plans, in accordance with the terms of such plans and applicable law. This release will have *res judicata, collateral estoppel*, claim preclusive, and/or issue preclusive effect as to all claims made by or on behalf of any Settlement Class member who has not submitted a valid exclusion or opt-out letter, or that are made, attempted, threatened to be made, continue to be made, or that could have been made at any time.

46.     In order to achieve a full and complete release of Defendants of all claims arising from or related to this Wage Action, the Class Representative and Settlement Class acknowledge that this Agreement is meant to include in its effect all claims that were or could have been asserted in the Wage Action on or before the end of the relevant Class Period, including claims that the Class Representative and Settlement Class members do not know or suspect to exist in his or her favor against Defendants. The Settlement Class Members who have not opted-out of this Agreement in a timely manner, expressly waive any claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Agreement.

47.     Upon preliminary approval of the settlement, the Settlement Class shall be enjoined from filing any actions, claims, complaints, or proceedings with the New York State Department of Labor (NY DOL), United States Department of Labor (US DOL), or from initiating similar wage and hour proceedings in other states, regarding the claims released in any preceding paragraph. This settlement is conditioned upon the release by all Settlement Class members of any and all claims under the federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) the New York Minimum Wage Act (N.Y. Lab. L. § 650 *et seq.*), New York Spread of Hours Provisions (N.Y. Lab. L. § 650 *et seq.* and N.Y. Comp. Code R. & Regs. Tit. 12, § 137-1.7), New York Timely Payment of Wages Provisions (N.Y. Lab. L. §§ 190 *et seq.*), and Illegal Pay Deductions and Deductions from Gratuities Provisions (N.Y. Lab. L. §§ 196-d and 198-b), and upon covenants by all Settlement Class members that they will not participate in any actions, lawsuits, proceedings, complaints, or charges brought by the NY DOL or other state wage and hour administrative body in any court or before the US DOL or before any administrative body for penalties.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

48.    The Parties shall promptly submit this Agreement to the Court in support of a request for preliminary approval and determination as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Agreement, the Parties shall apply to the Court for the entry of a preliminary order substantially in the following form:

        a.      Scheduling a preliminary fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and the Class Representative's enhancement award, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

        b.      Certifying a settlement class for all claims;

        c.      Preliminarily and conditionally certifying the Settlement Class for purposes of settlement;

        d.      Approving as to form and content the proposed Class Notice, and Consent to Join;

        e.      Directing the mailing of the Class Notice, Consent to Join, and blank W-4 Form by first class mail to the Class Members; and

        f.      Preliminarily approving the settlement subject only to the objections of Settlement Class members and final review by the Court.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

49.    Following preliminary approval of the settlement provided for in this Agreement, but prior to the final approval hearing the Parties will submit a proposed final order:

a.   Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.   Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c.   Approving the enhancement award in accordance with this Agreement;

d.   Dismissing this action on the merits and with prejudice and permanently barring all members of the Settlement Class from prosecuting against Defendants and the Releasees, any individual or class claims that were or could have been asserted in the Wage Action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the complaint in this action; and, through the date of the final approval of this Settlement upon satisfaction of all payments and obligations hereunder; and,

e.   No later than Thirty (30) days after the Effective Date, Class Counsel shall return to Defendants all documents and/or data provided to Class Counsel by Defendants related to this Wage Action, unless otherwise agreed to by both parties.

## PARTIES' AUTHORITY

50.   The signatories represent they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

51.    The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Agreement.

## NO PRIOR ASSIGNMENTS

52.    The Parties represent, covenant, and warrant they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged herein.

## NO ADMISSION AND NO PUBLICITY

53.    Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Each party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408 and any other federal or state law or regulation, be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Agreement.

54.    Class Representatives, Class Counsel, Defendants, and Defendants' Counsel agree that they will not issue or cause to be issued any press release or communication, and will not otherwise communicate to any media or media representative, including but not limited to the electronic or digital media, information regarding the Wage Action, the claims asserted therein, the settlement of the Wage Action and/or this Agreement or the amount of money paid to resolve the Wage Action. If contacted by the press or other forms of media, the Parties and their counsel will state that the matter has been resolved to the satisfaction of all Parties, who believe that the settlement reflects a reasonable resolution that will avoid needless expense and the inconvenience of further litigation. Notwithstanding the terms of this paragraph, Defendants shall be free to make whatever disclosures it deems necessary and appropriate to its officers, attorneys, financial advisors, managers, or employees, provided those disclosures are truthful.

## CAPTIONS AND INTERPRETATIONS

55.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

56.    The Parties agree the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the, and this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## MODIFICATION

57.     This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

58.     This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

59.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

60.     It is agreed that because the large number of Settlement Class members, it is impossible or impractical to have each Settlement Class member execute this Agreement. The Notice, Exhibit "A" hereto, will advise all Settlement Class members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each member of the Settlement Class.

## NOTICES

61.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly

given as of the Third (3) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Class Counsel:

JOSEPH & HERZFELD LLP
D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
757 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 688-5640
Facsimile:  (212) 688-2548

To Defense Counsel:

FOX ROTHSCHILD, LLP
Carolyn D. Richmond (CR-0993)
Eli Z. Freedberg (EF-6854)
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940

## CHOICE OF LAW

62.    All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties shall be governed by New York State law.

## INCORPORATION OF EXHIBITS

63.    All exhibits attached hereto are incorporated by reference as if fully set forth herein.

## VOLUNTARY AND KNOWING AGREEMENT

64.    Each of the Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each of the Parties further covenants that the consideration recited

herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration has been made by any person.

## COUNTERPARTS

65.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**CLASS COUNSEL:**

DATED: August 6, 2008        JOSEPH & HERZFELD LLP

By_____
        D. Maimon Kirschenbaum (DK-2338)
        Charles E. Joseph (CJ-9442)

Attorneys for Plaintiff and Class

**DEFENDANTS' COUNSEL**

DATED: August 6, 2008        FOX ROTHSCHILD, LLP

By_____
        Carolyn D. Richmond (CR-0993)
        Eli Z. Freedberg (EF-6854)

Attorneys for Defendants

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| ALISA AGOFONOVA and AARON POU, on behalf of themselves and all others similarly situated, | Case No. 07-cv-06926(DAB) |
| Plaintiff, | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT, CERTIFICATION OF FLSA COLLECTIVE ACTION, CERTIFICATION OF STATE LAW CLASSES, AND SETTLEMENT HEARING** |
| v. | |
| NOBU CORP., NOBU ASSOCIATES, L.P., NOBU NEXT DOOR, LLC, NOBU 57 LLC, DREW NIEPORENT and RICHARD NOTAR, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**TO:    ALL HOURLY EMPLOYEES WHO HAVE WORKED OR CONTINUE TO WORK FOR NOBU CORP., NOBU ASSOCIATES, L.P., NOBU NEXT DOOR, LLC, NOBU 57 LLC, DREW NIEPORENT and RICHARD NOTAR ("NOBU").**

## PLEASE READ THIS NOTICE CAREFULLY

**You may be a Class Member who is entitled to receive money under a proposed class action settlement. You should read this Notice carefully.**

**If you are eligible, Nobu encourages you participate in this Settlement. Nobu will not retaliate against current or former employees who claim their share of this two million five hundred thousand dollar settlement.**

- If you have any question regarding this notice, questions concerning how to complete the attached forms, or questions concerning the calculation of your share of the settlement fund contact  Class Counsel, D. Maimon Kirschenbaum, Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; (212) 688-5640; fax (212) 688-2548.

## IMPORTANT DEADLINES:

- **Last Day To Submit a Blue Consent To Join Form: _____ (60 days after mailing of this Notice)**

NY1 106228v3 02/21/08
NY1 109592v2 03/13/08
NY1 185686v1 06/27/08
NY1 185686v3 08/04/08

- **Last Day To "Opt Out" Of The Settlement Class: _____ (60 days after mailing of this Notice)**

- **Last Day To Object To The Settlement: _____ (60 days after mailing of this Notice)**

## INTRODUCTION

A class action was brought against Nobu/Nobu 57 which raises claims for unpaid wages, overtime, tips and other compensation. The Parties to the lawsuit reached a settlement which has been granted preliminary approval by the United States District Court for the Southern District of New York. This Notice informs you about your rights and options under the settlement.

If finally approved, the proposed settlement will resolve all claims alleged in this lawsuit, including but not limited to the claims, for failure to properly pay wages under state and federal law, for illegal retention of tips and for any other alleged illegal act or omission alleged in this lawsuit. A hearing will be held _____ at ____:00 ___a.m. before the Honorable Deborah A. Batts, United States District Judge of the United States District Court for the Southern District of New York (Judge Batts), in Courtroom _____, of the United States District Courthouse, 500 Pearl Street, New York, New York 10007, to address whether the proposed settlement of claims against Defendants is fair and reasonable and should be approved.

If you worked for Nobu at any time from July 1, 2005 through _____, 2008 (FLSA Claim Period), you should sign, date and return the attached Blue Consent to Join Form by _____. By submitting the Blue Consent to Join Form, you will be eligible to receive a higher compensation amount from the Settlement Fund (see the "How Will My Share Be Calculated" section, below). If you were employed outside the FLSA Claim Period, you are not eligible to submit a Blue Consent to Joint Form.

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Batts has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your right to money under the Settlement;

- That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement

2

and release your right to sue Nobu for, among other claims, unpaid wages, improper retention of tips, unpaid overtime compensation, and penalties during the time you were a Class Member;

- That you have a right to "opt-out" of the Settlement Class and a right not be bound by the terms of the Settlement Agreement; and,

- That you have a right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

On or about August 2, 2007, two servers formerly employed by Nobu, filed this class/collective action lawsuit against Nobu in the United States District Court for the Southern District of New York, Civil Action No. 07 CV 06926 (DAB). The lawsuit alleges Nobu violated federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers retention of employees' tips. Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs. Specifically, the Complaint contends that Nobu: (1) allowed non-customarily tipped employees such as managers and other non-service employees to receive tips; (2) maintained an involuntary tip-pool policy; (3) illegally retained portions of its employees' tips and were therefore, unable to claim entitlement to any federal or state tip credit; (4) failed to pay its non-exempt hourly employees minimum wage for all hours worked; and (5) failed to pay overtime for all hours worked in excess of forty hours per workweek. The Class Representatives initially defined the proposed class as consisting of: "all non exempt persons employed by Defendants as a server and/or busboy on or after the date that is six years before the filing of the Complaint in this case."

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the sum of two million five hundred thousand dollars ($2,500,000.00) (including attorneys' fees and expenses, and enhancement fees for four plaintiffs who played an integral goal in this lawsuit, and any of Defendants' tax or withholding liability as a result of the settlement).

### Monetary Payment

If the Settlement is given final approval by the Court, the maximum amount that Nobu will have to pay is two million five hundred thousand dollars ($2,500,000.00). If the Court also approves the payments set forth below, the following expenses will be deducted from the two million five hundred thousand dollars prior to distribution of the settlement funds to the Class Members:

- Payment to the Named Class Representative: If the Court approves such payment, the Class Representatives, Andi Healy and Hiro Matsimoto, two other Settlement Class Members, will each receive incentive awards of $10,000. These payment are made because the Class Representatives, Andi Healey and Hiro Matsimoto

3

provided many hours of service to the class by helping Class Counsel to formulate claims and by providing documents to support the case.

•  Attorneys Fees: Class Counsel will apply to the Court attorneys' fees in the amount of 33.33% of the remaining portion of the total class recovery, which amounts to $833,333.33  This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Settlement Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $1,626,667.00 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

**Dismissal of Case and Release of Claims**

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Nobu from any claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, spread of hours violations and failure to maintain and furnish employees with proper wage records, and all other claims that were or could have been asserted in this Wage Action under the FLSA, or state wage and hours laws, up to and including the date of final court approval of the settlement which is projected to occur on or about _____, 2008 (DATE OF THE FAIRNESS HEARING).  **It is very important that you understand the terms of the Release.  If you have any questions concerning the release of your claims against Nobu, you may wish to contact Class Counsel regarding the scope of the Release.**  When the claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, and failure to maintain and furnish employees with proper wage records are dismissed with prejudice, that means the Court will not consider claims any further; in other words, the case is over.  When claims are released, that means no one covered by the release can sue Nobu again over those claims.

## ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?

You may be a Class Member if you meet all of the following criteria:

1.  You are or were employed by Nobu as an hourly employee during either of the following periods:

    •  Under applicable state laws, from August 2, 2001 through August 6, 2008 (the "State Law Period").

    •  Under the FLSA, from July 1, 2005 to August 6, 2008 (the "FLSA Claim Period").

4

## <u>WHAT ARE YOUR OPTIONS?</u>

You have several options.  Make sure you read this section carefully and submit the proper forms before the deadlines listed in this section.

1.      **Participate in the Settlement:**

If you are a class member and do not opt-out of this Settlement, you will recover most of your share of the Settlement funds.

If you worked for Nobu during the period of July 1, 2005 to August 5, 2008, you can submit a Blue Consent before _____, 2008 **(60 days after mailing of this Notice)** and join the action alleging FLSA violations.  Submitting a Blue Consent entitles you to you to a full share of the Settlement Funds.  If you choose to file a Blue Consent to Join Form, be sure to make a copy of the signed form for your Records.  The Blue Consent to Sue Form should be forwarded to:

> Class Counsel:
>
> D. Maimon Kirschenbaum,
> Joseph & Herzfeld, LLP,
> 757 Third Avenue,
> New York, NY 10017;
> tel (212) 688-5640; fax (212) 688-2548

2.      **Opt-Out of the Settlement Class:**

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, then you must opt out of the Settlement by _____, 2008**(60 days after mailing of this Notice)**.  If you do not Opt Out, you will be bound by the terms of this Settlement.  To Opt Out you must send a letter which states clearly your intent to opt-out, postmarked no later than _____, 2008**(60 days after mailing of this Notice)**.  You must include your Name, Social Security Number, and the period for which you worked for Nobu in a Class Position.  If you choose to opt-out, send your letter to Class Counsel.

3.      **Objecting to the Settlement:**

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by _____, 2008**(60 days after mailing of this Notice)**, and sent to both addresses below:

5

NY1 106228v3 02/21/08
NY1 109592v2 03/13/08
NY1 185686v1 06/27/08
NY1 185686v3 08/04/08

| Class Counsel: |
| --- |
| D. Maimon Kirschenbaum,<br>Joseph & Herzfeld, LLP,<br>757 Third Avenue,<br>New York, NY 10017;<br>tel (212) 688-5640; fax (212) 688-2548 |
| To Defense Counsel:<br><br>Carolyn D. Richmond<br>Eli Z. Freedberg<br>Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY, 10017<br>tel (212) 878-7900; fax (212) 692-0940 |

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member will receive a share of the $2,500,000.00 in Settlement Funds that remain after the deductions of the enhancement payments, and attorneys' fees and costs, and Defendants' tax and withholding obligation listed above.  Your share will depend on the number of hours you worked within the applicable class period, the job position(s) you worked in, and whether you submit a Blue Consent to Join Form.  **Eligible Class Members who submit a valid Blue Consent to Join form will maximize their potential recovery**.  If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against Nobu.

1.     **Distribution Allocation and Examples of Recovery**

To calculate your share, the Class Counsel will determine the number of hours you worked within the State Law Period, as well as during the FLSA Claim Period.  If your last position at Nobu was as a waiter then the total number of hours you worked during the State Law Period will be multiplied by ten (10) to determine your Base Points.  If your last position at Nobu was as a runner then the total number of hours you worked during the State Law Period will be multiplied by six (6) to determine your Base Points.  If your last position at Nobu was as a busser then the total number of hours you worked during the State Law Period will be multiplied by four (4) to determine your Base Points.  If your last position at Nobu was as a bartender then the total number of hours you worked during the State Law Period will be multiplied by six (6) to determine your Base Points. The differences between the multipliers is based on Class Counsel's assessment of the relative strengths of the various claims made, as well as the likelihood of the various positions being exposed to certain violations.  For example, bussers usually received a smaller share of tips than the other properly tipped employees; therefore their recovery, if any, would likely have been smaller than the other classes' recovery.

6

In addition, employees who worked within the FLSA Claim Period may increase their points by submitting a Blue Notice of Consent Form. Employees who submit a valid Blue Notice of Consent Form will have their base points increased by three percent (3%) to calculate their Total Points. If you do not submit a Blue Notice of Consent Form (or are not eligible to do so), your Base Points will equal your Total Points.

If you remain in the Class, you will receive your pro-rata share of the $1,626,667.00 based on the percentage of your Total Points to all of the points for all of the Class Members combined. For example, if your Total Points equaled .1% of all the points for all of the Class Members combined, you would receive $1,626.67. If your total points equaled ½ of 1 percent of all the Class Members Total Points combined, you would receive $8,133.33.

In general, the longer you worked for Nobu, and the more hours you worked, in the State Law Period, the more money you will receive. However, these are just examples to illustrate how the calculation formula might be used to distribute the Settlement Fund. The amount you will recover will change according to the number of Class Members who participate in the Settlement.

    2.    **Uncashed Checks**

You will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash your settlement check. If you do not cash your settlement check within the 90 day period, your settlement check will be void and a stop-payment will be placed. If this happens, Nobu will wait another two hundred and seventy five (275) days for you to request a replacement check. If you do not request a replacement check by that time, the money reverts back to Nobu.

**EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York 10007.

If you have questions about this Notice, or want additional information, you can contact the D. Maimon Kirschenbaum, at Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; tel (212) 688-5640; fax (212) 688-2548. Again, the important deadlines are:

    **Last Day to Submit a Blue Consent To Join Form: _____, 2008 (postmarked, or received if sent other than by mail)**

    **Last Day To "Opt Out" Of The Settlement Class: _____, 2008**

    **Last Day To Object To The Settlement: _____, 2008**

NY1 106228v3 02/21/08
NY1 109592v2 03/13/08
NY1 185686v1 06/27/08
NY1 185686v3 08/04/08

**<u>CONSENT TO JOIN FORM (BLUE)</u>**

**<u>Agofonova, et al. v. Nobu Corp., et al.</u>           07-cv-6926(DAB)**
D. Maimon Kirschenbaum
c/o Joseph & Herzfeld, LLP
757 Third Avenue
New York, New York  10017
(212) 688-5640
Fax (212) 688-2548

**<u>TO BEST PROTECT YOUR RIGHTS, RETURN THIS CONSENT TO JOIN FORM</u>**

**THE CONSENT TO JOIN FORM MUST BE POSTMARKED NO LATER THAN**

Name: _____

Address: _____

City, State Zip Code: _____

Telephone  (____)_____
           Area Code   Home Telephone Number

1.  I, _____(print your name), want to join the lawsuit
    entitled **<u>Agofonova, et al. v. Nobu Corp, et al. 07-cv-6926(DAB)</u>,** alleging that Defendants have violated
    the Fair Labor Standards Act (FLSA) and applicable state labor laws.  I understand that by joining
    this lawsuit I will become a plaintiff.  By joining this lawsuit, I designate the plaintiff named in the
    complaint as my representative, to the fullest extent possible under applicable laws, to make decisions
    on my behalf concerning my FLSA claim, the method and manner of conducting and resolving the
    litigation, and all other matters pertaining to the lawsuit.

2.  I understand that I have the right to choose other counsel and to pursue my claims solely on my own
    behalf, and I choose to be represented in this matter by Class Counsel Joseph & Herzfeld, LLP and
    co-counsel.

3.  I hereby agree to be bound by the class action and collective action settlement approved by my
    attorneys, and approved by this Court, as fair, adequate, and reasonable, including the applicable
    releases stated therein.

Dated: _____        _____
                                       Signature

8

NY1 106228v3 02/21/08
NY1 109592v2 03/13/08
NY1 185686v1 06/27/08
NY1 185686v3 08/04/08