07 CV 6926

JUDGE BATTS

D. Maimon Kirschenbaum (DK 2448)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 Phone
(212) 688-2548 Fax

Cletus Lyman*
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
(215) 732-7040 Phone
(215) 732-2496 Fax

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 983-8999 Phone

*Seeking admission pro hac vice

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*



AUG 0 7 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALISA AGOFONOVA and AARON POU on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

v.

NOBU CORP.; NOBU ASSOCIATES, L.P.;
NOBU NEXT DOOR, LLC; NOBU 57 LLC;
DREW NIEPORENT and RICHARD
NOTAR,

      Defendants.
------------------------------------------------------------x

INDEX NO:

**COMPLAINT**

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1. Plaintiffs Alisa Agofonova and Aaron Pou, on behalf of themselves and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendants are licensed to do business in New York, their principal executive offices are in the Southern District of New York, and the causes of action under which the claims asserted in this Complaint emanate from actions that took place in this District. This Court has supplemental jurisdiction over Plaintiffs' state wage and hour law claims under 28 U.S.C. § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Nobu Corp. is a New York Corporation whose headquarters are located in New York.

5. Defendant Nobu Associates, L.P. is a New York Limited Partnership whose headquarters are located in New York.

6. Defendant Nobu Next Door, LLC is a New York Limited Liability Company whose headquarters are located in New York.

7. Defendant Nobu 57 LLC is a New York Limited Liability Company whose headquarters are located in New York.

8. Upon information and belief, Defendants own and manage Nobu 57 restaurant in midtown Manhattan and Nobu and Nobu Next Door restaurants in downtown Manhattan.

9. Defendant Drew Nieporent is co-owner of Defendant Nobu Corp.; Defendant Nobu Associates, L.P.; Defendant Nobu Next Door, LLC; and Defendant Nobu 57 LLC. Upon information and belief, Defendant Nieporent exercises sufficient control of Nobu 57, Nobu, and Nobu Next Door's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant Nieporent is liable for the wages of Plaintiffs and the Class under New York Business Corporation Law § 630.

10. Defendant Richard Notar is co-owner of Defendant Nobu Corp.; Defendant Nobu Associates, L.P.; Defendant Nobu Next Door, LLC; and Defendant Nobu 57 LLC. Upon information and belief, Defendant Notar exercises sufficient control of Nobu 57, Nobu, and Nobu Next Door's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant Notar is liable for the wages of Plaintiffs and the Class under New York Business Corporation Law § 630.

11. Upon information and belief, all Defendants operate under common ownership, share employees, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

12. Plaintiff Aaron Pou was employed as a server at Nobu from 2001 until 2006.

13. Plaintiff Alisa Agofonova was employed as a server at Nobu 57 from 2006 until 2007.

## FLSA COLLECTIVE ACTION ALLEGATIONS

3

14. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants as a server and/or busboy on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiffs bring the Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt all

4

non exempt persons employed by Defendants as a server and/or busboy on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

20.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)   Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

   b)   Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

   c)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

   d)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

f) Whether Defendants properly compensated Plaintiffs' and Class members for overtime.

g) Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

## FACTS

25. Copies of Plaintiffs' Consent to Sue Forms are attached hereto as Exhibit A.

26. Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. Defendants knew that nonpayment of minimum wage, improperly forcing the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class to share their tips with Defendants' agents and other non service employees, the FLSA Collective Plaintiffs, and members of the Class' wages would economically injure Plaintiffs and violated federal and state laws.

28. Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour. From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour. In 2006 the minimum wage was $6.75 per hour, and the state minimum wage is currently $7.15 per hour.

29. The federal minimum wage is $5.15 per hour.

30. Defendants unlawfully paid the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class an hourly rate below the federal and state minimum wage.

31. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants, their agents and other non service employees, including but not limited to the restaurant managers, retained portions of the tips for themselves, thereby preventing the Plaintiffs from retaining tips in violation of 29 U.S.C. § 203(m). In addition, other non-tipped employees illegally participated in the tip pool, with the consent of management, preventing Defendants from availing themselves of the tip credits.

32. The restaurant managers are agents of the Defendants for several reasons, including but not limited to:

   A. The managers have the ability to hire and fire employees;

   B. The managers supervise and discipline servers and other employees;

   C. The managers determine scheduling; and

   D. The managers oversee training of new employees.

33. Throughout Plaintiffs' employment, Defendants, through their agents and other non service employees, including but not limited to managers, illegally retained substantial portions of Plaintiffs' nightly tips, as they were included in the restaurant's tip pool. In addition, other non-tipped employees illegally participated in the tip pool, with the consent of management.

34. Plaintiffs at times worked in excess of forty hours per workweek.

35. Plaintiffs were not compensated one and one half times New York's minimum wage for hours that they worked in excess of forty per workweek.

36. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)

37. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

39. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

40. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

41. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

42. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

43. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

44. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

45. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*)**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

46. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants knowingly paid the Plaintiffs and members of the Class less than the New York State Minimum Wage §652 and supporting regulations of the New York State Department of Labor.

48. Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

49. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages in amount to be determined at trial and attorneys' fees, as provided by N.Y. Lab. Law § 663.

50. Plaintiffs do not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

51. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one and a half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

54. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of

earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

55. Plaintiffs do not seek liquidated damages for this claim.

### FIFTH CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. §§§ 193, 196-d and 198-b)
Brought by Plaintiffs on Behalf of
Themselves and the Class)

56. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

57. Defendants made illegal deductions from Plaintiffs' and Class members' pay.

58. Defendants retained portions of Plaintiffs' tips and Class members' tips.

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

60. Plaintiffs do not seek liquidated damages for this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this

action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G. Pre-Judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
    August 2, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
  D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 983-8999 Phone

Cletus Lyman*
LYMAN & ASH
1612 Latimer Street
Philadelphia, PA 19103
(215) 732-7040 Phone
(215) 732-2496 Fax

*Seeking admission pro hac vice

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

15