United States District Court
Southern District of New York

---

ALISA AGOFONOVA and AARON POU on behalf of themselves and all others similarly situated,

       Plaintiff,

  v.

NOBU CORP., NOBU ASSOCIATES, L.P., NOBU NEXT DOOR, LLC, NOBU 57 LLC, DREW NIEPORENT, and RICHARD NOTAR,

       Defendants.

Index No: 07 CIV 6926 (DAB)

**JUDGE: HON. DEBORAH A. BATTS**

### [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

The Settlement Agreement dated August 6, 2008 (the "Settlement Agreement") between the Class Representatives, individual Plaintiffs, and Defendants provides for the Settlement of this lawsuit on behalf of the Class Representatives, the Class Members and the Individual Plaintiffs, subject to the approval by this Court of its terms and to the entry of this Final Judgment. Pursuant to an Order dated October 1, 2008 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Defendants deny any wrongdoing, fault, violation, of law, or liability for damages of any sort. Defendants have stipulated to the certification of this class for settlement purposes only.

In accordance with the Preliminary Approval Order, Notices were sent by 1st class mail to the Class Members and an affirmation of mailing of the Notices has been filed with the Court, demonstrating compliance with this Court's order regarding Notice.

A Fairness Hearing was held before this Court on February 6, 2009 to consider among other things, whether the Settlement should be approved by this Court as fair, reasonable, and adequate, and whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court.

**NOW THEREFORE GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court finds that the class proposed only for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23 (3) (b), and hereby certifies a settlement class in the Litigation as follows:

> Current or former employees of Nobu, Nobu 57, or Nobu Next Door who worked at any of the three restaurants from August 2, 2001 through August 6, 2008, excluding Tim Myo and Katheryn Alchermes, employees who opted-out and excluded themselves from the settlement.

3. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

4. This Court approves Class Counsel's application for an award of attorneys' fees and reimbursement of costs.

5. This Court approves the Enhancement Fees to the Class Representatives.

6. The entire Litigation is dismissed with prejudice, and without costs to any party. All Qualified Class Members, except Tim Myo and Katheryn Alchermes, are barred and permanently enjoined all from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in the Action.

7. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order Approving Class Action Settlement and Dismissal with Prejudice be, and hereby is, entered as a final order.

Dated: February ____, 2009
      New York, New York

_____
HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE