UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALISA AGOFONOVA and AARON POU, on
behalf of themselves and all others similarly      INDEX NO: 07 CIV 6926 (DAB)
situated,

                                                    DECLARATION OF ANDI RAE
                Plaintiffs,                           HEALY

v.

NOBU CORP.; NOBU ASSOCIATES, L.P.;
NOBU NEXT DOOR, LC; NOBU 57 LLC;
DREW NIEPORENT and RICHARD
NOTAR,

                Defendants.
-----------------------------------------------------------x

## DECLARATION

I, Andi Rae Healy under penalty of perjury, swear/affirm as follows:

1. My name is Andi Rae Healy, I am over 21 years of age.

2. I was formerly employed by Nobu Downtown from approximately January 2001 through March 2008 as a server.

3. I learned about this lawsuit from Aaron Pou in or around August 2007. I immediately spoke to other co-workers about the lawsuit to gauge their interest and get their feedback.

4. In or around September 2007, I set up a meeting between myself, Maimon Kirschenbaum and two of my friends who were interested in joining the lawsuit. Although I was a current employee of Nobu (and thus could be retaliated against), I felt strongly about the case.

155722
v1

5. At this meeting, I provided Mr. Kirschenbaum with critical information regarding the job duties of various captains and managers to determine whether these individuals lawfully belonged in the Defendants' tip pool.

6. I joined the lawsuit, as did one of my friends (my other friend was a current employee and was fearful of any retaliation).

7. Immediately after joining the lawsuit, I contacted approximately 10 other individuals to encourage them to join the lawsuit.

8. During these conversations, I would explain to these employees the details of the lawsuit and often referred them to Mr. Kirschenbaum if I could not answer any of their questions.

9. During my employment with the Defendants, I was responsible for dividing up each employee's daily share of the total tips earned. As such, I had detailed knowledge of the tip sheets and the total distribution of tips, including tips to employees who Plaintiffs alleged did not belong in the tip pool.

10. I began to gather relevant documents from my current and prior employment with Nobu which I thought would be relevant to our claims against the Defendants.

11. I met with Mr. Kirschenbaum and/or Michael Palmer of Joseph & Herzfeld on several occasions and provided them with these documents. I also spoke with my attorneys in person and on the phone on several occasions to help them understand the facts of the case and the job responsibilities of captains and managers. I also helped them to

understand all the bases as to why sushi chefs did not belong in the tip pool.

12. I provided my attorneys with many important documents, some of which were critical to our case.

13. I also attended the mediation between the parties on May 13, 2008. This mediation lasted approximately 12 hours, and I remained at the mediation for the entire time.

14. I was one of the longest tenured employees at the mediation so I was very helpful to refute many of the Defendants' contentions about their pay practices.

15. I suffered retaliation as a result of joining this lawsuit. For instance, I previously had a great relationship with Nobu owner Drew Nieporent, but after I joined the lawsuit, he stopped speaking with me.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: January 29, 2009

Andi Rae Healy